UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CORY BEAVERS,

        Petitioner,

            v.                              CAUSE NO. 3:21-CV-974-MGG

WARDEN,

        Respondent.

OPINION AND ORDER

Cory D. Beavers, a prisoner without a lawyer, filed an amended habeas corpus petition challenging the disciplinary decision (ISP-21-3-120) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of trafficking in violation of Indiana Department of Correction Offense 113. Following a hearing, he was sanctioned with a loss of one hundred eighty days earned credit time.

Beavers argues that he is entitled to habeas relief because the administrative record lacks sufficient evidence to find that he engaged in trafficking.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report, by itself, is sufficient to satisfy the "some evidence" standard. *McPherson v. McBride*, 188 F.3d 784,

786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's

decision.").

> Departmental policy defines the offense of trafficking as:
>
> Giving, selling, trading, transferring, or in any other manner moving an unauthorized physical object to another person; or receiving, buying, trading, or transferring; or in any other manner moving an unauthorized physical object from another person without the prior authorization of the facility warden or designee

ECF 9-17 at 6.

The administrative record includes a conduct report in which an investigator

represented that he found nine individually wrapped baggies with orange rectangles in

Beavers' clothing. ECF 9-3. According to the conduct report, Beavers told the

investigator, "I bought them a long time ago." *Id.* The investigator conducted a field test

on the orange rectangles, which indicated that they consisted of suboxone. *Id.* The

administrative record includes photographs of the orange strips and the field test. ECF

22-2. It also includes an investigative report in which a correctional officer confessed to

bringing cakes containing contraband into the prison in exchange for $1,100 from

Beavers. ECF 22-1. The conduct report, the photographs, and the investigative report

constitute some evidence that Beavers bought unauthorized physical objects from

another person and thus engaged in trafficking as defined by departmental policy.

Therefore, the claim that the hearing officer did not have sufficient evidence is not a

basis for habeas relief.

Beavers also argues that the allegations of the conduct report do not support the

charged offense of trafficking, which the court construes as an argument regarding

inadequate notice of the charges. To satisfy procedural due process, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). The allegations in the conduct report were sufficient to inform Beavers of the factual basis of the trafficking charge. Though it is conceivable that Beavers obtained the suboxone legally, the manner in which the suboxone was stored, its status a controlled substance, and his statement that he "bought" the suboxone strongly suggest that Beavers committed trafficking as defined by departmental policy. Specifically, these facts suggest Beavers bought the suboxone from another individual and was not authorized to have it. Moreover, while the conduct report could have included more detail about how Beavers obtained the suboxone, Beavers does not explain how the lack of detail harmed his ability to prepare a defense. Consequently, this claim is not a basis for habeas relief.

If Beavers wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the amended habeas corpus petition (ECF 4);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Cory Beavers leave to appeal in forma pauperis.

SO ORDERED on July 13, 2022

s/ Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge